**SO ORDERED.**

**SIGNED this 04 day of August, 2006.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

AERONAUTICAL SOLUTIONS, LLC,

      Debtor.                                                      06-01250-8-JRL
                                                                      Chapter 11

_____

### ORDER

      This case is before the court on the motions for Rule 2004 examinations of the debtor, Shannon Johnson, Best & Best Accountants and Consultants, and William Ragsdale filed by Citibank USA National Association ("Citibank") and the motion to quash and motion for a protective order filed by the debtor. On July 31, 2006, the court conducted a hearing on these matters in New Bern, North Carolina.

      On April 4, 2006, Citibank filed a lawsuit against the debtor, William Ragsdale, Sherri Ragsdale, and Commercial Debt Counseling Corporation ("CDCC") in the United States District Court for the Eastern District of North Carolina. In its complaint, Citibank asserts that it issued corporate credit card accounts to William and Sherri Ragsdale and that they incurred debt in excess of $900,000.00 during the period of July 8, 2005 to November 4, 2005. Citibank asserts that the Ragdales and the debtor transferred

1

funds and granted security interests in property to CDCC with the intent of preventing Citibank from recovering on the Ragdales' credit card debts.

On April 25, 2006, the debtor filed for relief under Chapter 11. The bankruptcy filing effectively stayed the district court action against the debtor. 11 U.S.C. § 362. The debtor listed Diners Club / Citibank as a creditor holding disputed claims of $765,452.18 and $138,418.98. While Citibank has not filed a proof of claim in this case, it clarified at the hearing that it intended to do so before the deadline.

The debtor asserts that Citibank is not a creditor in this bankruptcy case and, therefore, is not a "party in interest" for purposes of conducting a 2004 examination. While Rule 2004 does not define the term "party in interest, " § 1109 refers to "party in interest" for purposes of the right to be heard in a Chapter 11 case. *See* In re Summit Corp., 891 F.2d 1 (1st Cir. 1989)(referring to § 1109 for determining what constitutes a "party in interest" under Rule 2004 and stating that "party in interest" is construed liberally); *see also* In re Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985)(stating that "party in interest" under § 1109 is to be construed liberally). The list includes "the debtor, the trustee, a creditor's committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee . . ." 11 U.S.C. § 1109. Citibank points to the definition of "creditor" under the Bankruptcy Code. Section 101(10) defines "creditor," as "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h), or 502(i) of this title; or (c) entity that has a community claim." Under § 101(5), the term "claim," in pertinent part, means: "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured . . ." Thus, a creditor with a disputed claim is still a

2

creditor under the Code. The court finds that Citibank is a "party in interest" for purposes of conducting a Rule 2004 examination.

Citibank asserts that it needs to conduct Rule 2004 examinations of the debtor, Shannon Johnson, Best & Best Accountants and Consultants, and William Ragsdale to understand and track the transfer of assets to which the debtor allegedly played a major role. The debtor asserts that the motions for 2004 examinations are overly burdensome because they seek voluminous categories of information. A Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bank. R. 2004(b). The scope of inquiry is generally broad; however, a Rule 2004 examination "cannot be used for purposes of abuse or harassment and it cannot stray into matters which are not relevant to the basic inquiry." In re Webb, Case No. 05-07142-8-JRL (Bankr. E.D.N.C. Apr. 6, 2006). The court finds that the subjects for examination of the debtor and category of documents requested by Citibank from the debtor are within the permissible scope of inquiry for a 2004 examination.

The debtor contends that Citibank is attempting to usurp the narrower rules for discovery in the pending district court proceeding that continues against the Ragsdales and CDCC. While Rule 2004 does not preclude discovery in a bankruptcy proceeding when it is available in other pending litigation, courts have often employed such limitation. In re Enron Corp., 281 B.R. 836, 840-841 (Bankr. S.D.N.Y. 2002). Courts, however, hold the ultimate discretion in determining whether a Rule 2004 examination is appropriate, and courts have allowed such examination to take place despite the existence of pending litigation in certain circumstances. See In re International Fibercom, Inc., 283 B.R. 290 (Bankr. D. Ariz. 2002); In re M4 Enters, Inc., 190 B.R. 471 (Bankr. N.D. Ga. 1995); In re Sun Med. Mgmt., Inc., 104

3

B.R. 522 (Bankr. N.D. Ga. 1989). Specifically, a Rule 2004 examination is appropriate for "discovering assets and unearthing frauds." Sun Med. Mgmt, 104 B.R. at 524; In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). While Citibank has the opportunity to pursue discovery efforts against Shannon Johnson, Best & Best Accountants and Consultants, and William Ragsdale in the district court litigation, the stay prevents it from obtaining information directly from the debtor. Citibank alleges facts in support of fraudulent conveyance claims against the debtor. The debtor cannot use the stay to shield itself from allegations of fraud. Certainly, a 2004 examination is appropriate to ferret out information as to whether the debtor made fraudulent conveyances. Sun Med. Mgmt, 104 B.R. at 524.

The court, therefore, grants Citibank's motion for a 2004 examination of the debtor and denies the motion to quash and motion for protective order as to the debtor. The motions for 2004 examinations of Shannon Johnson, Best & Best Accountants and Consultants, and William Ragsdale are denied. The court grants the motion to quash the 2004 motions as to Shannon Johnson, Best & Best Accountants and Consultants, and William Ragsdale without prejudice to Citibank pursuing discovery against these individuals and entity in the district court proceeding.

"END OF DOCUMENT"